**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DROP A PIANO PRODUCTIONS, LLC,
ADAM REBACK, AND MONIQUE
THACKER,

   *Plaintiffs*,

v.

SURAJ MARABOYINA

   *Defendant*.

Case No. _____

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, along with Local Civil Rule 81.1, Defendant Suraj Maraboyina ("Defendant") hereby removes this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York. In support of this Notice of Removal, Defendant avers as follows:

### Procedural History

1.    On September 17, 2025, Plaintiffs Drop a Piano Productions, LLC, Adam Reback, and Monique Thacker commenced an action in the Supreme Court of the State of New York, County of New York by filing a summons with notice. *See* Exhibit A. That action was assigned Index No. 655561/2025 (the "State Court Action"). The summons with notice lists as defendants Maraboyina and an entity named "131 Productions Inc." It does not list the addresses of either defendant.

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibits A-G.

3.      On September 17, 2025, Plaintiffs filed a Request for Judicial Intervention in the State Court Action.  *See* Ex. C.  Defendant Suraj Maraboyina is the sole defendant listed in that document.  *Id.* In that document, Plaintiffs admitted that they had not previously filed either a summons and a complaint or a summons with notice in the State Court Action.  *Id.*

4.      On September 17, 2025, Plaintiffs filed an affidavit of service averring that Defendant Maraboyina had been personally served with a notice and summons.  That affidavit of service does not include the Index Number of the State Court Action and says that the notice and summons was served on Defendant Maraboyina on August 20, 2025—28 days *before* the State Court Action was ever commenced in New York Supreme Court. *See* N.Y. C.P.L.R. 304 (specifying the procedures for initiating a civil action in New York). Service of the alleged August 20, 2025 summons was improper for the additional reason that the summons did not "bear the index number assigned and the date of filing with the clerk of the court," as required for proper service. N.Y. C.P.L.R. § 305. That alleged August 20, 2025 notice and summons has not been filed in the State Court Action.

5.      In other words, before filing a lawsuit, Plaintiffs sent a fatally defective summons and notice to Defendant Maraboyina even though no lawsuit was pending against him and for which no Index Number had been assigned.  Service of the alleged August 20, 2025 summons and notice was improper under New York State law because no action had been commenced as of the alleged date of service. *See O'Brien v. Contreras*, 6 N.Y.S.3d 273 (2d Dep't 2015) ("The failure to file the initial papers necessary to institute an action constitutes a nonwaivable, jurisdictional defect, rendering the action a nullity[.]"); *see also Goldenberg v. Westchester County Health Care*

*Corp.*, 16 N.Y.3d 323, 326 (2011) (court cannot disregard failure to file summons and complaint and noting that a plaintiff should "purchase an index number and file a summons . . . to commence the lawsuit before serving" the defendant).

6.    On September 19, 2025, Plaintiffs filed a Complaint against Defendant Suraj Maraboyina in the State Court Action. *See* Ex. D. No other defendants are named in the Complaint.

7.    On September 26, 2025, Plaintiffs filed an affirmation of service, averring that the Complaint was personally served on a "blonde-haired white female contact [sic] 35-45 years of age" on September 23, 2025. Mr. Maraboyina is a man of South Asian descent with dark hair.

8.    The Complaint brings claims for Common Law Fraud, Breach of Fiduciary Duty, Violation of New York General Business Law § 349, and Unjust Enrichment, in connection with a dispute involving investments in a film project. Plaintiffs seek compensatory damages in the amount of $375,000 and punitive damages in the amount of $1,000,000.

9.    On September 26, 2025, nine days after commencing the lawsuit in State Court Action, Plaintiffs moved for a default judgment. Ex. F. Plaintiffs' default judgment motion does not attach the summons that Plaintiffs allegedly served on Defendant Maraboyina before the State Court Action was commenced. *Id.* The default judgment motion refers to two defendants: Defendant Maraboyina and "131 Productions *LLC*" (not 131 Productions Inc. that was listed in the filed summons with notice). The default judgment motion references serving the summons and notice on August 18, 2025, i.e., long before the State Court Action was ever commenced.

### Procedural Requirements for Removal

10.    Removal of the State Court Action to this Court satisfies the procedural requirements of 28 U.S.C. § 1446.

11.     This Court is the "district court of the United States for the district and division within which [this] action is pending." 28 U.S.C. § 1446(a).  Removal to this Court is also proper under 28 U.S.C. § 1441(a) because the Supreme Court of the State of New York, County of New York, where this action was filed, is within the Southern District of New York. *See* 28 U.S.C. § 112(b).

12.     This Notice of Removal is timely filed.  28 U.S.C. § 1446(b)(1) requires that the notice of removal must be filed within 30 days of either (1) "the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or (2) "the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant," whichever is shorter.

13.     Here, the earliest Defendant Maraboyina could have possibly received a copy of the initial pleading in the State Court Action was on September 17, 2025 when the State Court Action was filed and commenced.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within 30 days after the service on Defendant Maraboyina of a copy of the initial pleading that both (1) set forth the claim for relief upon which such action or proceeding was based and (2) enabled Defendant to "intelligently ascertain removability" from the face of the pleading.  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348-349 (1999) (holding that formal service is required to trigger the removal period).

14.     Defendant Maraboyina has not been personally served with either the filed Complaint or the filed notice with summons.  Defendant Maraboyina first received the Complaint

in this action on September 23, 2025, when it was placed in his mailbox at his place of work. Declaration of Suraj Maraboyina ("Maraboyina Decl.") ¶ 7.

15.     As mentioned above, the Complaint in the State Court Action names only Defendant Maraboyina.

16.     While the filed notice with summons lists as a defendant an entity "131 Productions Inc.," and Plaintiffs' motion seeks a default judgment against defendant "131 Productions LLC," neither entity is a named defendant in the Complaint. Plaintiffs have not provided addresses for these entities. Neither entity name appears in a public records search for the Secretary of State for Texas, Ohio, New York, or Delaware.

17.     Defendant Suraj Maraboyina has no affiliation with, or knowledge of, an entity called "131 Productions, Inc." or an entity called "131 Productions, LLC."  *See* Maraboyina Decl. ¶ 5.

18.     Based on the description in Plaintiffs' motion for default judgment, it appears that if Plaintiffs intended to name Defendant Maraboyina's actual business entity in the case, they have incorrectly named that entity. That entity is an LLC registered in Delaware; Defendant Maraboyina is the sole member.  Maraboyina Decl. ¶ 6. That entity has not been appropriately named, much less served.

19.     No affidavit of service has been filed in the State Court Action regarding 131 Productions, LLC or 131 Productions, Inc.  Upon information and belief, neither "131 Productions, Inc." nor "131 Productions, LLC," if those entities exist, has been properly served with any pleadings in the State Court Action.

20.     At this stage, no other defendant has been "properly joined and served," and no defendant has been named in a Complaint beyond Defendant Maraboyina. *See* 28 U.S.C. § 1446(b)(2)(A).

## Diversity Jurisdiction

21.     The State Court Action is properly removed to this Court under 28 U.S.C. §§ 1441(a) and 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between Plaintiffs and Defendant.

22.     Although Defendant intends to dispute that Plaintiff is entitled to any relief sought against them, Plaintiffs contend the amount in controversy is $1,375,000, which exceeds $75,000. *See* Ex. D at 5 (Prayer for Relief).

23.     For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

24.     For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

25.     Further, under 28 U.S.C.A. § 1441, in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

26.     Plaintiff Drop a Piano Productions, LLC has alleged in the Complaint that it is a New York limited liability company with its principal place of business in the State of New York. Ex. D, Complaint ¶ 1.

6

27.     Upon information and belief, Drop a Piano Productions LLC's sole member is Monte Albers de Leon, a resident of New York and counsel for Plaintiffs in this Action. *See id.* at p. 5 (signature block). Upon information and belief, Monte Albers de Leon is domiciled in the State of New York.

28.     Plaintiff Adam Reback is an individual residing in the State of New York. *Id.* ¶ 2. Upon information and belief, Adam Reback is domiciled in the State of New York.

29.     Plaintiff Monique Thacker is an individual residing in the State of New York. *Id.* ¶ 2. Upon information and belief, Monique Thacker is domiciled in the State of New York.

30.     Defendant Suraj Maraboyina is an individual currently living in the state of Ohio who is domiciled in the state of Texas. *See* Maraboyina Decl. ¶¶ 3-4.

31.     Because no defendant is a citizen of the State of New York, where Plaintiffs are citizens, there is diversity of citizenship between Plaintiffs and the Defendant. *See* 28 U.S.C. § 1332(a)(3).

32.     By removing this action from New York Supreme Court, County of New York, Defendant does not waive any defenses available to them, including lack of personal jurisdiction and enforcing applicable arbitration provisions.

33.     By removing this action from New York Supreme Court, County of New York, Defendant does not admit any of the allegations in Plaintiffs' Complaint.

Dated: October 17, 2025

Respectfully submitted,

*/s/ Jamie Hoxie Solano*
**DYNAMIS LLP**
Jamie Hoxie Solano
Tyler Finn
11 Park Place, 4th Floor
New York, New York 10007
Tel: (973) 295-5495

jsolano@dynamisllp.com
tfinn@dynamisllp.com

*Counsel for Defendant Suraj Maraboyina*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 17, 2025, a true and correct copy of Suraj Maraboyina's Notice of Removal was filed with the Clerk of the Court by using the ECF system. A copy of this Notice of Removal will be filed with the Clerk of the New York Supreme Court and sent to counsel of record via certified mail and email to the following:

Monte Albers de Leon, Esq.
ALBERS DE LEON LLC
33 West 60th Street
Second Floor
New York, NY 10023
(212) 580-8260
monte@montealbersdeleon.com

*Attorney for Plaintiffs*

*/s/  Jamie Hoxie Solano*
*Jamie Hoxie Solano*

9