# Exhibit D

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-----------------------------------------------X
Drop a Piano Productions, LLC,
Adam Reback, and Monique Thacker,                                    **Index No. 655561/2025**

             Plaintiffs,

     -against-

                                        **NOTICE OF COMPLAINT**

Suraj Maraboyina,

             Defendant.

-----------------------------------------------X

Plaintiffs, Drop a Piano Productions, LLC, Adam Reback, and Monique Thacker, have filed a Complaint in this Court against Defendant Suraj Maraboyina. The relief sought includes, among other things:

1. Compensatory damages in the amount of $375,000;
2. Punitive damages in the amount of $1,000,000;
3. Restitution and/or equitable disgorgement;
4. Imposition of a constructive trust over any assets traceable to Plaintiffs' funds;
5. Attorneys' fees and costs under GBL § 349;
6. Such other relief as the Court deems just and proper.

The causes of action asserted in the Complaint are:

- Common Law Fraud;
- Breach of Fiduciary Duty;
- Violation of General Business Law § 349;
- Unjust Enrichment.

Plaintiffs designate New York County as the place of trial. Venue is based on the fact that Plaintiffs reside and conduct business in New York County and that substantial events giving rise to the claims occurred therein.

**DEMAND FOR JURY TRIAL**
Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 19, 2025
New York, New York

Respectfully submitted,

Case 1:25-cv-08631-JPC-GS Document 1-4 Filed 10/17/25 Page 3 of 6

Monte Albers de Leon, Esq.
ALBERS DE LEON LLC
33 West 60th Street, 2nd Floor
New York, NY 10023
212-580-8260
monte@montealbersdeleon.com

Attorneys for Plaintiffs

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

----------------------------------------------X
Drop a Piano Productions, LLC,
Adam Reback, and Monique Thacker,                    **Index No. 655561/2025**

                                    Plaintiffs,

            -against-

Suraj Maraboyina,                                    **COMPLAINT**

                                    Defendant.

----------------------------------------------X

Plaintiffs, Drop a Piano Productions, LLC ("Drop a Piano"), Adam Reback, and Monique Thacker (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendant Suraj Maraboyina ("Defendant"), allege as follows:

## PARTIES

1. Plaintiff Drop a Piano is a limited liability company duly organized under the laws of New York, with its principal place of business in New York County.
2. Plaintiff Adam Reback is an individual residing in New York County.
3. Plaintiff Monique Thacker is an individual residing in New York County.
4. Defendant Suraj Maraboyina is a natural person who, upon information and belief, resides in or conducts business within the State of New York.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under N.Y. Const. art. VI, § 7(a), and CPLR § 301.
6. This Court has personal jurisdiction over Defendant pursuant to CPLR § 301 and § 302(a)(1)-(3), as Defendant transacted business in New York, committed tortious acts within and directed into the state, and caused injury to persons in New York.
7. Venue is proper in New York County under CPLR § 503.

## FACTUAL BACKGROUND

9. In or around December 2024, Defendant solicited Plaintiffs to invest $125,000 each in a purported Series A equity stake in a film project titled *Night Comes*.
10. Defendant represented that each investment would secure direct Series A investor status, entitle the investor to a 20% return in approximately four months, and be prioritized upon the project reaching a $3 million investment threshold.

Case 1:25-cv-08631-JPC-GS    Document 1-4    Filed 10/17/25    Page 5 of 6

11. Drop a Piano was told by Defendant that its separate project, *Good*, would receive production support from Impossible Dream Entertainment only if it invested in *Night Comes*.

12. In reliance on these representations, Plaintiffs collectively wired $375,000 to Defendant, which funds were directed solely into 131 Productions.

13. Plaintiffs received no confirmation of direct Series A status in *Night Comes*, no documentation of investment rights, and no return of funds.

14. Over the following year, Maraboyina provided Plaintiffs with repeated, unsubstantiated assurances that returns were imminent, while failing to provide any accounting, return timeline, or substantive documentation.

15. Plaintiffs later discovered through direct contact with the producers of *Night Comes,* Jayce Barreiro and Luis Graem, that:
    a. Only 131 Productions, not Plaintiffs, held rights in *Night Comes*;
    b. The $3 million threshold was not met;
    c. Only $960,000 of a promised $6.5 million to *Night Comes* by 131 Productions – required by separate agreement to trigger ownership in *Night Comes* by any investment in *Night Comes* through 131 Productions – had been delivered by Maraboyina.

## CLAIMS FOR RELIEF

### First Cause of Action: Common Law Fraud

16. Plaintiffs repeat and reallege the foregoing paragraphs.

17. Defendant knowingly made material misrepresentations of existing facts to induce Plaintiffs to invest.

18. Plaintiffs justifiably relied on said misrepresentations.

19. Defendant' misrepresentations were false when made and proximately caused Plaintiffs' damages.

20. Plaintiffs seek actual and punitive damages.

### Second Cause of Action: Breach of Fiduciary Duty

21. Defendant assumed discretionary control over Plaintiffs' capital and had superior access to material investment information.

22. Defendant owed fiduciary duties of loyalty, candor, and care, which were breached by:
    a. Diverting funds to 131 Productions without conferring Series A rights;
    b. Withholding material facts;
    c. Failing to provide an accounting.

23. Plaintiffs seek compensatory and punitive damages, a constructive trust, and an accounting.

### Third Cause of Action: Violation of GBL § 349

24. Defendant' scheme constituted materially misleading and consumer-oriented conduct.

25. Defendant represented a 20% return and Series A rights within a four-month timeline, which was false.

26. Plaintiffs suffered actual injury as a result.

27. Plaintiffs seek statutory damages, attorneys' fees, and equitable relief.

### Fourth Cause of Action: Unjust Enrichment

28. Plaintiffs conferred a benefit upon Defendant in the form of $375,000.

29. Defendant retained the funds without providing the promised consideration.

30. It would be against equity and good conscience to allow Defendant to retain this benefit.

31. Plaintiffs seek restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Award compensatory damages in the amount of $375,000;

B. Award punitive damages in the amount of $1,000,000;

C. Award restitution and/or equitable disgorgement;

D. Impose a constructive trust over any assets traceable to Plaintiffs' funds;

E. Award attorneys' fees and costs under GBL § 349;

F. Grant such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 19, 2025
New York, New York

Respectfully submitted,

Monte Albers de Leon, Esq.
ALBERS DE LEON LLC
33 West 60th Street, 2nd Floor
New York, NY 10023
212-580-8260
monte@montealbersdeleon.com
Attorneys for Plaintiffs