UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                   :

DROP A PIANO PRODUCTIONS, LLC, *et al.*,    :

                 Plaintiffs,    :

          -v-           :        25 Civ. 8631 (JPC)

SURAJ MARABOYINA,    :       ORDER

                 Defendant.    :

------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Defendant moves for a stay of discovery pending the Court's resolution of his forthcoming motions to dismiss and to compel arbitration.  Dkt. 29 ("Motion").  He argues that a stay is warranted based on the purported strength of his anticipated motions, and he further contends that discovery in litigation would be more burdensome than discovery within arbitration.  *Id.* at 1. Plaintiffs oppose a stay, arguing that their Second Amended Complaint plausibly alleges fraudulent inducement, that their dispute is not arbitrable, and that even if were, the arbitration agreement provides that discovery would resemble litigation discovery.  Dkt. 30 ("Opposition") at 1-3.

"A motion to dismiss does not automatically stay discovery, and discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."  *Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024) (citation modified).  Rather, "upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)."  *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation modified).  Similarly, "[w]hile a stay of discovery pending the decision on a threshold arbitration issue is by no means automatic, it serves to help prevent duplicative and

inefficient litigation." *Al Thani v. Hanke*, No. 20 Civ. 4765 (JPC), 2021 WL 23312, at *2 (S.D.N.Y. Jan. 4, 2021) (citation modified). In deciding whether to stay discovery pending the resolution of a dispositive motion, courts assess "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). Courts generally consider "the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018). The movant bears the burden of establishing that a stay is warranted. *Khan*, 757 F. Supp. 3d at 334 (citing *Nike, Inc. v. Lululemon USA Inc.*, No. 22 Civ. 82 (RA), 2023 WL 2214884, at *1 (S.D.N.Y. Feb. 24, 2023)). Defendant has not produced any information about the anticipated discovery's breadth, and Plaintiff does not assert any prejudice from a stay, so the Court considers only the burden of discovery and the strength of the pending motions.

Here, the Court concludes that a stay of discovery is not justified. Defendant argues that discovery would be less burdensome in arbitration, and that "[a]llowing Plaintiffs to take discovery now will permit them to further evade the obligations in the arbitration agreement." Motion at 1. Plaintiffs counter that Defendant's discovery burden would be the same no matter the forum. Opposition at 3. As a general matter, arbitration streamlines discovery, *see Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) (explaining that arbitration substitutes "the procedures and opportunity for the review of the courtroom for . . . simplicity, informality, and expedition" (citation modified)), which is one of the reasons courts generally stay discovery pending resolution of a motion to compel arbitration. *See Mossiah v. Mulligan Sec. LLC*, No. 25 Civ. 4561 (JAV), 2025 WL 3478844, at *1 (S.D.N.Y. Dec. 3, 2025). But parties are free to "tailor

some, even many[,] features of arbitration by contract, including . . . procedure," subject to statutory limitations. *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 217 (2d Cir. 2008) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008)). The arbitration agreement here seems to do that, providing that even though the JAMS Arbitration Rules and Procedures shall govern the arbitration, "[t]he parties will be entitled to discovery on the same basis as in a court proceeding." Dkt. 27, Exh. 7 § 17 (Production Financing Agreement between Drop A Piano Productions and 131 Pictures, LLC, executed on December 5, 2024); *see* Opposition at 3. Defendant thus fails to show that he faces a substantially greater burden in litigation discovery, pending his motion's resolution, than if the discovery were conducted entirely during arbitration.

The relative strength of Defendant's motions does not militate in favor of a stay. Having reviewed the parties' pre-motion letters in anticipation of Defendant's motions, Dkts. 20, 23, and having discussed their positions with them at a recent conference, Minute Entry, Jan. 30, 2026, the Court finds that this factor comes out neutral. Plaintiffs and Defendant make meritorious arguments with respect to both the dispute's arbitrability and the sufficiency of Plaintiffs' claim for fraudulent inducement.

Defendant thus fails to show that a stay is warranted based on the breadth or burden of the anticipated discovery, or on the strength of his motions. Therefore the Court denies Defendant's motion to stay discovery. Additionally, the Court refers this case to the Honorable Gary Stein for general pretrial supervision. A separate referral order will follow. The Clerk of Court is respectfully directed to close Docket Number 29.

SO ORDERED.

Dated: February 19, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

3